Call the next case. Mr. Kriger, you may proceed. Morning, Your Honors. This case is about whether my client's successive, but legitimate and effective assistance claim should be heard. The trial court's ruling, which shut out the claim, was error. To have this successive petition documented, my client needed only to present allegations, not full proof, of cause for not bringing the claim earlier and resulting in prejudice. He has made this showing. Regarding cause, my client was in a Mississippi prison when he filed his first petition and had no assistance of counsel. But I'd like to address prejudice first. The facts in the law support my client's argument that counsel was ineffective during plea negotiations. There was no dispute at this point that counsel failed Mr. Diggins when a plea offer for eight years was on the table. Counsel told him that the sentencing range was six to 30 years in prison, when the range was in fact 30 to 60 years. This advice was objectively unreasonable. The evidence further supports Mr. Diggins' averment that he would have taken the plea deal. Counsel vastly understated the actual maximum sentence. The real maximum sentence was double the sentence that Mr. Diggins was advised of. The defense case was not particularly strong. Alibi witnesses were offered, but none clearly excluded my client from being at the Anchor Club on the night of the shooting. The law recognizes how important it is for a defendant to know his or her sentencing exposure when making an important decision. We know this from ineffective assistance of counsel cases. We know this from cases on the voluntary investigation pleas. And we know this from cases concerning waiver of counsel under Supreme Court Rule 401. Could he have raised this in his direct appeal? It is possible that he could have raised this in his direct appeal, but he was very much hindered by where he was at the time that he filed his first. I'm sorry, direct appeal. No, he could not have raised it. It was outside of the record. Because it was based on conversations between his attorney and him. There weren't any, what you would call, curried admonishments, and the plea offer was rejected. It would be reasonable, given the huge distance between counsel's advice and the actual sentencing law, to credit my client's claim that he would have taken the offer. In short, he's made a viable claim of ineffective assistance during plea negotiations, which satisfies the prejudice requirement of the cause and prejudice test. This leaves the issue of cause. We would argue that the successive claim here is excused by lack of counsel during the proceedings in the first post-conviction petition. Courts have recognized prisoners are typically not legally sophisticated enough to spot issues, but to raise them properly. You don't want that point. You're almost suggesting that we have to appoint an attorney to that position. That's not correct, Your Honor. What we're asking for in asking this Court to adopt the logic of Martinez v. Ryan is much more narrow than that. Applying Martinez v. Ryan would apply only to successive claims when there was either no attorney or an unreasonable attorney during the first opportunity to raise the issue. Let's flush that out a little bit. So you'd be saying it doesn't apply to all situations, so it's like sort of a trap for the unwary, isn't it? You have to appoint the attorney under certain circumstances, but you know where those circumstances are. So who appoints an attorney? Well, generally the circuit court looks and sees whether a petition has an arguable basis. Okay. And so you're saying that in this vacuum, the circuit judge is supposed to make a critical judgment on whether this is one of the mandatory situations where they'd have to appoint an attorney from the get-go or not, right? And you do, so what evidence? Just on some of the stuff that's put in what they see? Our argument would have no effect on a trial court's review of an initial collateral proceeding, of an initial post-conviction petition. The court would apply the general to Hodges test whether there's an arguable basis. It would only come in if in success of filing. And then you would look back to see whether the defendant had an attorney, and if the defendant had an attorney during the first post-conviction, whether that attorney provided reasonable assistance to him or was provided... It's an attorney at the first go-around for the PC, right? Applying Martinez v. Ryan, the fact that an attorney is present during the first post-conviction petition doesn't necessarily mean that the issue is defaulted, because in Martinez v. Ryan itself, an attorney was appointed but filed what we would call probably something like a Finley. A Finley motion finding that there was no merits, and the court nonetheless reached it because there was a meritorious claim. And I think that's another important limitation of what we're asking for, which is that under both Martinez v. Ryan and recent Illinois Supreme Court case law, or case law going far back, we need to show prejudice. And so this would only apply to meritorious claims in the first instance, not even meritorious claims. It would only apply to ineffective assistance claims that could not have been raised on direct appeal, which is a much lower percentage of cases than saying that all the initial post-conviction petitions that need to be filed would get representation. Aren't there several First District cases that have rejected your argument already? That's right, Your Honor. The First District has rejected the argument that we're making today, but with respect to them, the First District has not grappled with any of the equities. The closest case that discusses the lack of sophistication and the severe limits of being imprisoned is People v. Sutherland. In that case, the court rejected the argument because the defendant there was college educated, and the claim that he had was to call his father. This is a very different situation. My client was out of state. Presumably he didn't have access to Illinois case books and law books. And if you look at his first petition, you can see just the depth of his lack of legal knowledge and lack of legal sophistication. Just the claim that he raises is that his sentences should run concurrently because he had good behavior in Mississippi when he was incarcerated in Mississippi. That sort of claim is outside the pale of even your typical claim raised by a pro-state litigant. I would note that Illinois courts generally follow the federal approach on habeas petitions. Our law concerning successive petitions, in fact, has been adopted whole cloth from the federal habeas case law. Unless, Your Honors, you have any more questions? In sum, my client is only asking for a chance to have his claim heard. We respectfully ask this court to docket his successive petition and remand him for second stage proceedings. Has he served his Mississippi time yet? He's served it. He was released into Illinois custody in 2008. After his service. That's right, Your Honor. Thank you. Thank you. Thank you. Mr. Gennadik. Pointedly, in this case, defendant failed to satisfy 122-1F, cause and prejudice test, warrant, the ability to file a successive petition. With respect to the prejudice, I'll address that first. In response, basically, to your question, defendant really didn't answer your question. Because when you look at how the post-conviction proceeding statute and how the procedure was set up, what would have to happen is, basically, in every case, in every case, at the, if you will, the summary dismissal stage, counsel would have to be appointed. And the reason for that is, as Your Honor pointed out, how is one to take a no whether or not a defendant is going to, in a subsequent successive petition, going to raise a claim the trial counsel was ineffective? You don't know that. Unless there's something alleged in the petition, you don't know. So if we carry the argument, defendant's statement and argument to a logical conclusion, well, you don't have to appoint everybody, and it's only limited. But we don't know that at the time. Unless it's alleged in the petition, we don't know. So we roll the dice. In this case, defendant filed his first petition in 2006. He filed his motion for leave to file a successive six years later in 2012. In 2006, the only issue we raised was the fact about the sentences, running them concurrent as opposed to consecutive. There was no idea that he was going to raise an issue concerning rejection of a plea offer. And counsel's ineffectiveness, alleged ineffectiveness, were only telling him that basically the maximum he could serve was just 30 as opposed to 60. We didn't know that. So if we apply this equitable rule in this particular situation, what's going to happen is you're going to have to take and change the rule. You're going to have to have counsel appointed at that first stage in order to preclude this kind of situation. Isn't that sort of what Martinez, the Supreme Court, is saying, is that where you don't have the access to counsel and those collateral proceedings, that they aren't supposed to have counsel? I mean, I know the First District has said, well, you can raise an effective assistance in a direct appeal only if it's of the right. That's where I see exactly what you're saying, is that I don't think there's any way you can identify and find that, oh, no, they are going to need counsel because they aren't raising an effective assistance because you don't know it because it's outside of the record and you don't know what's going on. Isn't that what Martinez is saying, is that we're going to have to do that? Well, the only problem, well, if you want to take and say they're saying that, if you look at the practical effect of their opinion, even though they say they're not saying that, the practical effect of their opinion is that's what they are saying. The thing is, the problem with, first of all, with Martinez, is the fact that, number one, in Arizona, you can't raise an undirected appeal. You're automatically precluded. You can only raise it in a PC. Well, the problem was in compounding that in Martinez was the fact that Martinez had PC counsel. Counsel didn't raise the issue. And so that was part of the effect they needed to take and have some sort, they used equity, they used a constitutional provision. And so you can kind of take and say the same thing about the case in Texas. In the case in Texas, even though Texas statute is the same, or is similar to what we have in Illinois, in Trevino versus Thaler, the fact is, in Texas, the practical effect was how things were set up and how it was operated was that, for the most part, a defendant would not be able to raise ineffective assistance of trial counsel on direct appeal. So they applied Martinez. The problem, again, though, is in Trevino versus Thaler, the defendant had counsel at trial, direct appeal, and in the PC. And then you've got a second one on the Hague. Basically, you had ineffective assistance of trial counsel, you really had ineffective assistance of appellate counsel, and you really had ineffective assistance of the first PC counsel in that Texas case. Plus, on top of that, it was a death penalty case. So this whole concept, this whole idea of applying this equitable aspect, I don't think that in Illinois that it necessarily applies. I think that the way the Illinois system is set up with the frivolous and patently without merit, the semi-dismissal stage, we all know from the case law that it doesn't take much to take and say anything. It doesn't take much to take and allege a constitutional issue, especially when you're alleging one of ineffective assistance of counsel. And in this case, what is perplexing is the defendant, even though he received a 50-year sentence, in 2006, didn't allege that counsel was ineffective. Six years later, he's enlightened. He finds out that, you know, there's a problem here, that I rejected an eight-year pre-offer. Counsel only told me 30, and I got 50. At the time of sentencing, he knew he got an extended term because the judge told him. And the judge basically said, I'm giving you 50 years, it's an extended term. He knew. All he had alleged was the same thing in 2006 and in 2012. So in Illinois, because it doesn't take much to really get by the summary dismissal stage, especially when you attach ineffective assistance of trial counsel issues to that, to get to that second stage, to get to the point where counsel is appointed and now counsel can do the investigation, counsel can do all of the stuff that Martinez and the Texas case say that needs to be done. So in Illinois' situation, the equitable rationale, I don't think, applies. I think what it actually does is it actually turns the Illinois Post-Conviction Hearing Act system and scheme on its head. I'd also like to point out that because of the fact that a lot of what has gone on with the summary dismissal stage, et cetera, has all emanated from Illinois Supreme Court cases that the legislature has incorporated in the statute, this particular kind of equitable rationale, I believe, is best left to the decision of the Illinois Supreme Court. I think that they are the ones that are going to have to take and decide based on what the statute provides that was written based on their decisions and how all of this has kind of shaken out over the years. If they're going to take and create an exception to the statute, if they're going to create an exception to the Post-Conviction Hearing Act, I think it has to come from the Illinois Supreme Court. What do you mean by that? We're not supposed to duck our responsibility. I think what you're doing is you're making a substantive change to Illinois law. And I'm not saying you're necessarily ducking your responsibility, but I think if you apply Illinois law as it is, this argument is defeated. In other words, with respect to the Post-Conviction Hearing Act and how it's applied and what the allegations are and what the standards are with cause and prejudices, I mean, there's nothing here. There's nothing here. If you look at our definition of cause, our definition of cause in Illinois is an object de facto external to the defense that impeded the efforts to raise the claim earlier. In Illinois, not having counsel at that first stage is not cause in Illinois, at least as far as this definition is concerned. That would be a substantive change in Illinois law. If they could say that all of a sudden now the lack of counsel at the summary suspension stage is cause, that's a huge change because now counsel doesn't have to be appointed. And the whole purpose for having all of this was because of the scarce resources that we have to try to use them as best as we can and to try to weed out all of those petitions that aren't basically frivolous or painfully without merit. So I think this is a very substantial change with respect to Illinois law and the Post-Conviction Hearing Act, and I think that is the decision that is best left for the Illinois Supreme Court, personally, and it's my professional opinion. If there are any other questions, I'd be more than happy to address. Thank you, Your Honor. Thank you, Mr. Kinerva. Mr. Krieger for rebuttal. Initially, I think Your Honors are in a perfect position to decide whether this, the Martinez v. Ryan establishes cause under the Post-Conviction Hearing Act. The question is whether there was an objective factor that prevented the defendant from raising the claim earlier, and we provided an objective factor, a lack of counsel. As we argued, there were additional considerations that would narrow the application of our holding, but that is an objective factor. Nothing in Illinois Supreme Court case law would prevent you from doing so, Your Honors, from ruling in our favor. Opposing counsel argued that Martinez held that appointed counsel was required in every case, but that's not correct. Martinez came up to the U.S. Supreme Court with the defendant arguing, among other issues, that there was a constitutional right to counsel during initial post-conviction proceedings, and the court explicitly decided not to raise the issue. On page four of my reply brief, I cite, in a parenthetical, the court distinguishing its rationale from one which would, quote, require the appointment of counsel in initial review collateral proceedings. The court decided the issue of cause under the habeas statute by avoiding deciding whether counsel is required in every case, but excluding it only under the narrow circumstances that were met in that case and that are also met in this case. Opposing counsel also argued that Martinez and the Truvino case are distinguishable from this case because in both of those cases, there was an attorney during the initial post-conviction proceedings, and I submit that that position is absurd. There's no reason that my client should be treated worse because he didn't have counsel rather than if he had counsel, but counsel who didn't represent him well. And Martinez equated the two positions when a defendant during the first post-conviction petition has no counsel or has counsel, but counsel doesn't provide effective representation. Do your honors have any more questions? Thank you. Thank you very much. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. And right now, we'll stand for recess until 113.